# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MARCUS ZINMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>LLAMAS, *et al.*,<br><br>            Defendants. | Case No.  1:24-cv-00549-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(ECF Nos. 8, 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Justin Marcus Zinman ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint has not yet been screened.[1]

Currently before the Court are Plaintiff's motions for temporary restraining order and preliminary injunction, filed July 25, 2024 and July 26, 2024, together with Plaintiff's memorandum and declaration in support.  (ECF Nos. 8–11.)

**I.      Motion for Temporary Restraining Order and Preliminary Injunction**

Plaintiff contends that around 7/10/24, an inmate came to Plaintiff's cell and explained that that cell was "his home" and that he needed Plaintiff to switch cells with him so that he could

---

[1] Plaintiff original complaint was stricken for lack of signature.  (ECF Nos. 1, 5.)

1

move back into his home for reasons of personal convenience. (ECF No. 10.[2]) Plaintiff stated that he would move if staff assigned him to a new cell, and expressed his opposition to the CDCR policy encouraging inmates to refer to their assigned cells as "houses" or "homes." Roughly a day or two later, CDCR personnel came to Plaintiff's cell, told him to pack his stuff, and said that he would be moving cells. Over the course of the next week, Plaintiff had several discussions with the inmate who wanted Plaintiff to switch cells with him, as well as CDCR personnel, regarding whether a move would occur. The inmate wanted Plaintiff to agree to the move, while Plaintiff maintained that he would comply with any order to move but did not explicitly agree to or refuse the move. Plaintiff continued to note his belief that it was wrong to allow inmates to believe that assigned cells were their homes. Plaintiff was eventually moved on 7/22/24. Plaintiff contends that due to these events, on 7/13/24, Plaintiff's access to the law library was totally obstructed by CDCR personnel and at least one other inmate, despite Plaintiff's upcoming filing deadline in another pending action. (*Id.*)

Plaintiff asserts that the CDCR communications policy of ordering inmates to consider their assigned cells their "homes" allows for further retaliation against Plaintiff, putting Plaintiff in harm's way and threatening to make further litigation untenable. (ECF No. 9.) Plaintiff states that this policy allowed the other inmate to have CDCR personnel move Plaintiff out of a cell so the other inmate could have his old "house" back, and CDCR personnel obliged the request in retaliation against Plaintiff. Plaintiff argues that this signals to other inmates that Plaintiff can have his perceived property taken by anyone and he has no protection from CDCR personnel. Plaintiff contends that due to these events, he can no longer securely use, and refuses to use, the U.S. mail system so long as it is controlled by CDCR personnel. The only reason this document can be communicated is because Plaintiff is using an electronic tablet which allows him to directly contact a paid Power of Attorney and a Paralegal. As such, Plaintiff cannot sign documents physically as it requires documents to go through the U.S. mail system, and Plaintiff now cannot securely use the library or the mail system. (*Id.*)

---

[2] The Court notes that the filings at ECF Nos. 10 and 11 are identical except for the filing date and a "FILED BY FAX" notation on the first page of ECF No. 11, which was present on the document prior to filing with the Court. (ECF Nos. 10, 11.)

2

Plaintiff requests that the Court: (1) enjoin the defendants and all employees/persons acting in concert and participation with them, to amend patterns or practices which expressively and/or politically contribute to the deprivation of Plaintiff's constitutional rights under the color of law and/or ones which encourage CDCR inmates and/or defendants/CDCR personnel to retaliate against Plaintiff; (2) order that defendants amend the policy which unlawfully orders or encourages inmates to refer to their assigned cells as "homes" or "houses," or any other unlawful value, which allowed for retaliation against the Plaintiff in this case; or, to create a system which affords inmates private rights so that they may lawfully have privacy rights to their cells as personal property/homes; and (3) order that effective immediately and pending the hearing and determination of this matter, Plaintiff be transferred to federal custody. (ECF No. 8.)

## A.   Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

3

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

**B.    Discussion**

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any staff or employees at Plaintiff's current institution or any other CDCR institution, and it cannot issue an order requiring them to take, or forbid them from taking, any action regarding any perceived retaliatory action or communications policy.

Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest. Aside from Plaintiff's conclusory statements, there is no indication that Plaintiff was required to move cells out of retaliation or for any other malicious purpose, or that the communications policy at issue in any way prevents Plaintiff from accessing the law library or communicating with the Court by mail.

Plaintiff has also failed to demonstrate any relationship between the injury claimed in his motion and the conduct asserted in the underlying complaint. Plaintiff complains of retaliation and his disagreement with inmates calling their assigned cells "homes," but the complaint raises allegations regarding retaliation in response to Plaintiff's refusal of a work assignment based on

4

1  religious grounds and requests joinder of this case with Plaintiff's pending habeas action.  Absent
2  a relationship between the requested preliminary injunctive relief and the underlying complaint
3  such that the preliminary injunction would grant "relief of the same character as that which may
4  be granted finally," the Court lacks authority to grant the relief requested.  *Pac. Radiation*
5  *Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (quoting *De Beers*
6  *Consol. Mines*, 325 U.S. 212, 220 (1945)).

7        To the extent Plaintiff believes he is in danger, he has other avenues of relief available to
8  him, including filing a petition for writ of habeas corpus in state court, which Plaintiff indicates
9  he has already done.  *E.g.*, *People v. Brewer*, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104,
10  114 (2015) (a California trial court may grant habeas corpus petitioners prospective relief to
11  redress recurring, persistent deprivations of prisoners' rights at correctional facilities).  The issue
12  is not that Plaintiff's allegations are not serious or that he is not entitled to relief if sought in the
13  proper forum.  The issue is that this action cannot be used by Plaintiff obtain the relief he seeks.
14  The seriousness of Plaintiff's allegations concerning feared impending harm cannot and do not
15  overcome what is a jurisdictional bar.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S.
16  83, 103–04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core
17  of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears
18  the burden of establishing its existence.")

19        Finally, even assuming the Court had jurisdiction to enter an order that Plaintiff be
20  transferred to federal custody, prison inmates do not have a constitutional right to be incarcerated
21  at a particular correctional facility (or to be transferred from one facility to another).  *Meachum v.*
22  *Fano*, 427 U.S. 215, 224–25 (1976); *see also Olim v. Wakinekona*, 461 U.S. 238, 244–45 (1983).

23  **II.     Plaintiff's Signature**

24        As Plaintiff was previously informed when the original complaint was stricken for lack of
25  signature, (ECF No. 5), because Plaintiff is proceeding *pro se* (without an attorney), both the
26  Federal Rules of Civil Procedure and this Court's Local Rules require that all filed pleadings,
27  motions, and papers be signed by the party personally if the party is unrepresented.  Fed. R. Civ.
28  P. 11(a); Local Rule 131(b).

While the Court makes an exception for the instant filings, **Plaintiff is warned that future filings that do not contain his original signature will be returned to Plaintiff or stricken from the record without further notice**.

To the extent Plaintiff is requesting permission to utilize electronic filing or to sign his papers electronically, Plaintiff is informed that persons proceeding in *pro per* may only use electronic signatures on "papers authorized to be filed electronically." L.R. 131(f). Plaintiff has not received permission to utilize electronic filing as required by Local Rule 133(b)(2) and Federal Rule of Civil Procedure 5(d)(3)(B)(i), and the Court does not find that Plaintiff has presented good cause here to grant such permission in the future.

### III. Order and Recommendation

Accordingly, the Court HEREBY ORDERS that the Clerk of the Court randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motions for temporary restraining order and preliminary injunction, (ECF Nos. 8, 11), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 13, 2024**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE