**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN MARCUS ZINMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>P. LLAMAS, *et al.*,<br><br>  Defendants. | Case No.: 1: 24-cv-0549 JLT BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION<br><br>(Docs. 8, 11, 13) |

Justin Marcus Zinman is a state prisoner proceeding *pro se* in this civil rights action, in which he seeks to hold the defendants liable for retaliation for speech and religion, violation of his due process rights, and cruel and unusual punishment. (*See* Doc. 7 at 2.) Plaintiff seeks a temporary restraining order and preliminary injunction. (Doc. 8.) He requests the Court: (1) enjoin "the defendants, and all employees/persons acting in concert and participation with them," to amend unidentified patterns or practices that Plaintiff believes contributed to the alleged violations of his constitutional rights and/or encourage retaliation against Plaintiff; (2) direct the defendants to amend a policy that "orders or encourages inmates to refer to their assigned cells as 'homes' or 'houses'… [or] create a system that grants inmates "privacy rights to their cells as personal property/homes"; and (3) order an immediate hearing for Plaintiff to be transferred to federal custody. (*Id.* at 1-2.)

The magistrate judge found that Plaintiff did not "show[] that he will suffer irreparable harm the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the

1

public interest." (Doc. 13 at 4.)  In addition, the magistrate judge found Plaintiff's requested relief was not related to "the conduct asserted in the underlying complaint." (*Id.*)  For example, the magistrate judge observed: "Plaintiff complains of retaliation and his disagreement with inmates calling their assigned cells 'homes,' but the complaint raises allegations regarding retaliation in response to Plaintiff's refusal of a work assignment based on religious grounds and requests joinder of this case with Plaintiff's pending habeas action." (*Id.* at 4-5.)  Given the lack of a relationship between the claims alleged and the requested relief, the magistrate judge found "the Court lacks authority to grant the relief requested." (*Id.* at 5.)  The magistrate judge concluded that Plaintiff failed to meet the requirements for the injunctive relief he seeks, and recommended the requests be denied. (*Id.* at 4-5.)

The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 14 days.  (Doc. 13 at 6.)  The Court advised him that the "failure to file objections within the specified time may result in the waiver of the 'rights to challenge the magistrate judge's factual findings' on appeal." (*Id.*, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated August 13, 2024 (Doc. 13) are **ADOPTED** in full.
2. Plaintiff's motions for a temporary restraining order and preliminary injunction (Docs. 8 and 11) are **DENIED**.

IT IS SO ORDERED.

Dated:   **September 4, 2024**

UNITED STATES DISTRICT JUDGE