# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MARCUS ZINMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>LLAMAS, *et al.*,<br><br>    Defendants. | No. 1:24-cv-00549 JLT BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO NOT CLOSE CASE AND MOTION FOR RECONSIDERATION<br><br>(Docs. 18, 19) |

Justin Marcus Zinman is a state prisoner who proceeded *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On September 6, 2024, Plaintiff filed a motion to withdraw/close case. (Doc. 15.) Therefore, on September 10, 2024, the Court terminated the action with prejudice, by operation of law and without further order from the Court, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. 17.)

Thereafter, Plaintiff filed a motion to not close case and a motion to reconsider. (Docs. 18, 19.) In light of Plaintiff's suggestions that he did not have knowledge of the motion to withdraw/close the case or that the motion may have been written by someone other than Plaintiff, the assigned magistrate judge directed the Clerk of the Court to serve Plaintiff with a copy of the September 6, 2024 motion to withdraw/close case and for Plaintiff to file a response thereto. (Doc. 20.) Plaintiff timely filed a response on October 15, 2024. (Doc. 21.)

In his response, Plaintiff states that "it is a policy of the Plaintiff's business to not

1

immediately claim sole responsibility for the sending/authorship to/of potentially conflicted material and to instead assume responsibility for interpreting such messages in a manner consistent with his business." (Doc. 21 at 1.) While Plaintiff does not claim to have authored or sent the motion to withdraw/close, Plaintiff also does not deny that he sent the filing.[1] (*Id.* at 2.) Plaintiff then argues that the "motion to withdraw/close case" should objectively be interpreted as a general attempt at keeping the case open, active and alive, not closed. Plaintiff's argument is based on an analysis of the motion, using the techniques of Plaintiff's business, American Media Intelligence, which requires analysis beyond the literal language written in the motion. Plaintiff contends that irregularities in the text, such as the general draft form, poor penmanship, crossed out and added in words, comparatively unreasonable content, and the fact that it was not filed by a paralegal, combined with the Plaintiff's unusual interests/goals, creates such a degree of conflict that it manifests a kind of "encryption" that must be "neutralized" or deciphered before the text may be considered plain. Plaintiff therefore requests that the Court grant the motion, as so interpreted, to keep the case "alive/open" rather than "to withdraw/close" the case. (*Id.*)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) "no more than a year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825

---

[1] Plaintiff states, in part: "With all of that being said, the Sept. 20 Motion may be better construed as meaning that the Plaintiff does not have knowledge of any Motion which should be objectively interpreted as having this case closed, rather than not having knowledge about any Motion being filed." (Doc. 21, p. 2.)

F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Having reviewed Plaintiff's response, the Court finds that Plaintiff has not met the requirements of Federal Rule of Civil Procedure 60(b) to reconsider a final order of the Court, nor has Plaintiff provided any basis to reopen this action. Plaintiff's argument that the September 6, 2024 motion to withdraw/close case should be interpreted in such a manner to mean the oppositive of the plain language provided therein, is implausible and unpersuasive. Plaintiff's refusal to confirm or deny whether he authored or filed that motion, or to definitively argue that it has a plain meaning that does not require the Court to "decipher" its meaning, despite being provided an opportunity to do so, does not provide any basis justifying relief from the closure of this action, in response to Plaintiff's own explicit request.

Moreover, it is not clear that the Court retains jurisdiction to reopen a case that was voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999). The notice of dismissal operates to divest the district court of jurisdiction. *Id.* at 1076. "[O]nce a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal." *Id.* Plaintiff has provided no basis to set aside the judgment and has failed to provide a plausible basis for construing the motion to withdraw/close case as requesting anything other than what it plainly requests. Thus, the Court **ORDERS**:

1. Plaintiff's motion to not close case, (Doc. 18), is **DENIED**.
2. Plaintiff's motion for reconsideration, (Doc. 19), is **DENIED**.

///

3

3. This action remains closed.

IT IS SO ORDERED.

Dated: __**May 28, 2025**__  

_____
UNITED STATES DISTRICT JUDGE